## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2011

No. 10-40938

Lyle W. Cayce
Clerk

RICHARD DELANEY KYLES,

Plaintiff - Appellant

v.

GERALD GARRETT; TROY FOX,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-53

Before JOLLY, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Richard Kyles was convicted of capital murder in 1976 and sentenced to life in prison. He brought the instant § 1983 action in January 2003 in the United States District Court for the Southern District of Texas, challenging the constitutionality of a change to Texas's parole procedures, specifically the so-called extraordinary vote provision. At the time Kyles committed murder, in January 1975, Texas law provided that parole decisions were to be made by majority vote of the state parole board. TEX. CODE CRIM. PROC. ANN. art.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  10-40938

42.12(C) § 13 (West 1974).  Kyles alleges that the board at that time was comprised of only three members.  The board is currently comprised of seven members but has included as many as eighteen in the past.  In 1993, the Texas legislature enacted the extraordinary vote provision, whereby parole decisions for prisoners serving time for capital felonies could only be made by a two-thirds vote of the entire parole board.  TEX. CODE CRIM. PROC. ANN. art. 42.18 § 7 (West 1996).  The extraordinary vote provision was made retroactive in 1995.  *See id.* (legislative history notes).  Kyles claims that applying the extraordinary vote provision to his parole determinations violates the Ex Post Facto clause.  He seeks declaratory and injunctive relief.

This case has a winding procedural history, but for our purposes the procedural posture is simple.  The district court granted summary judgment to the defendants/appellees based on alternative holdings: (1) Kyles unsuccessfully challenged the constitutionality of the parole procedure in state and federal habeas corpus proceedings, and the judgments in those proceedings preclude this § 1983 action; and (2) Kyles's summary judgment evidence fails to raise genuine issues of material fact on whether the parole procedures create a sufficient risk of enhancing his punishment.

Although there is little authority on what preclusive effect should be given to habeas proceedings in a later civil action, the general principles of res judicata and collateral estoppel seem to clearly bar this action.  With respect to the merits of the case, Kyles presents some summary judgment evidence, but none that demonstrates more than a speculative and attenuated chance of enhanced punishment.  The evidence he presents does not even relate to the parole procedure that existed at the time he committed his offense.

We find that the district court committed no reversible error in granting summary judgment.  That judgment is

AFFIRMED.

2